FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

pcm 7/19/21
CJF/JCM: 2020R00430

2021 JUL 22 PM 4: 18

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE**

DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO.  JKB 21-0037 |
| v. | * | |
| | * | (Conspiracy to Distribute and Possess |
| DONTA MADISON, | * | with the Intent to Distribute |
| DANIEL FLEMING, | * | Controlled Substances, 21 U.S.C. |
| SHAWN SMITH, | * | § 846; Distribution and Possession |
| RODNEY VALINES, | * | with the Intent to Distribute |
| | * | Controlled Substances, 21 U.S.C. § |
| | * | 841; Aiding and Abetting, 18 U.S.C. |
| Defendants. | * | § 2; Forfeiture, 21 U.S.C. § 853, 28 |
| | * | U.S.C. § 2461(c), Fed. R. Crim. P. |
| | * | 32.2.(a)) |
| | * | |

\*\*\*\*

**SUPERSEDING INDICTMENT**

**COUNT ONE**

(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

Beginning on a date unknown to the Grand Jury but no later than January 1, 2020, and continuing until on or about the date of this Superseding Indictment, in the District of Maryland, the defendants,

**DONTA MADISON,
DANIEL FLEMING,
SHAWN SMITH,
RODNEY VALINES,**

did knowingly and intentionally combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to

1

distribute: 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance; a detectable amount of heroin, a Schedule I controlled substance; and a detectable amount of cocaine, a Schedule II controlled substance; in violation of Title 21 of the United States Code Section 841.

21 U.S.C. § 846
18 U.S.C. § 2

## COUNT TWO

### (Distribution of CDS)

The Grand Jury for the District of Maryland further charges that:

On or about June 24, 2020, in the District of Maryland, the defendant,

### DANIEL FLEMING,

did knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a).

21 U.S.C. § 841
18 U.S.C. § 2

## COUNT THREE

### (Distribution of CDS)

The Grand Jury for the District of Maryland further charges that:

On or about August 24, 2020, in the District of Maryland, the defendant,

### SHAWN SMITH,

did knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a).

21 U.S.C. § 841
18 U.S.C § 2

## COUNT FOUR

### (Distribution of CDS)

The Grand Jury for the District of Maryland further charges that:

On or about November 19, 2020, in the District of Maryland, the defendant,

### DONTA MADISON,

did knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a).

21 U.S.C. § 841
18 U.S.C. § 2

## COUNT FIVE

### (Distribution of CDS)

The Grand Jury for the District of Maryland further charges that:

On or about January 21, 2021, in the District of Maryland, the defendant,

### RODNEY VALINES,

did knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a).

21 U.S.C. § 841
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendants' convictions.

2. Pursuant to 21 U.S.C. § 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in the Narcotics Counts of this Indictment, the defendants convicted of such offense(s), shall forfeit to the United States of America:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense(s); and

    b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense(s).

### Substitute Assets

3. Pursuant to 21 U.S.C. § 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant(s) up

to the value of the property charged with forfeiture in the paragraphs above.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following assorted jewelry, seized on or about February 3, 2021:

   a. One Pair of 14K White Gold Diamond Stud Earrings;

   b. Men's 14K White Gold Laser Engraved Color Portrait and Diamond Pendant;

   c. Men's 10K White Gold Laser Engraved Pave Diamond Pendant and Rope Chain;

   d. Gold Plated Base Metal Bracelet and Charm;

   e. Rose Gold Plated Bracelet;

   f. Gold Plated Base Metal Cluster of Chains and Various Religious Charms;

   g. Ladies Stainless Steel Citizen Quartz Rhinestone Bracelet Watch;

   h. Men's lOK White Gold Pave Diamond Cuban Link Bracelet;

   i. 14K White Gold Laser Engraved Pave Diamond Pendant;

   j. 10K White Gold "Park Heights" Pave Diamond Pendant;

   k. Men's 14K White Gold "AKM" Diamond Pendant;

   l. 14K White Gold Arabic "God is Great" Diamond Pendant;

   m. Costume Silver Tone Rhinestone Necklace and Cross;

   n. Men's 14K White Gold Diamond Ring;

   o. Sterling Silver Diamond Cut Bead Link Chain;

p. 14K White Gold Diamond Station Link Necklace;

q. Sterling Silver Rope Chain;

r. Sterling Silver Rope Chain;

s. 10K White Gold Solid Twisted Rope Chain;

t. Stainless Steel Audemars Piguet Royal Oak OffShore Diamond Watch Links; and

u. Men's Stainless Steel and Diamond Bvlgari Bracelet Watch.

21 U.S.C. § 853
28 U.S.C. § 2461(c)


Jonathan F. Lenzner/cjf
Jonathan F. Lenzner
Acting United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

Date: 07/22/2021

9