

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Clinton J. Fuchs*
*Assistant United States Attorney*
*Clinton.Fuchs@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4916*
*MAIN: 410-209-4800*
*FAX: 410-962-3124*

February 9, 2022

The Honorable James K. Bredar
Chief Judge, United States District Court for the
District of Maryland

    Re:    Sentencing in *United States v. Donta Madison*
              Crim No. JKB 21-0037

Dear Judge Bredar:

    Donta Madison, is currently pending sentencing for his participation in a lucrative, high-volume drug trafficking operation that sold fentanyl to retail and wholesale customers in Baltimore City. Considering the nature and circumstances of the offense, Mr. Madison's relative culpability, and the other factors enumerated in 18 U.S.C. § 3553(a), the Government believes a sentence of 84 months is sufficient but no greater than necessary to achieve the purposes of federal sentencing in this case.

**<u>Guidelines Calculation</u>**

    Mr. Madison has pleaded guilty to possessing with the intent to distribute fentanyl, in violation of 21 U.S.C. § 841. Mr. Madison has further stipulated that he conspired with others to distribute at least 400 grams of fentanyl and that it was reasonably foreseeable that he and other members of the conspiracy would possess firearms in connection to the conspiracy. Accordingly, Mr. Madison's adjusted offense level is 32 and his final adjusted offense level after acceptance of responsibility is 29. The parties agree that Mr. Madison's criminal history category is I, resulting a guideline range of 87 to 108 months imprisonment.

**<u>Considerations under 18 U.S.C. § 3553(a)</u>**

    With respect to the nature of the offense, Mr. Madison has admitted that he was the source of supply to members of the conspiracy who operated an open-air retail drug "shop" in and around the intersection of Queensbury and Spaulding Avenue in Baltimore City. Mr. Madison also personally sold fentanyl to retail and wholesale customers, including one incident in which he provided approximately 240 grams of fentanyl to a wholesale customer. When investigators executed a search and seizure warrant at Mr. Madison's home on February 3, 2021, the investigators recovered approximately 48 grams of suspected controlled substances, $28,400 in U.S. currency, and gold, silver and diamond jewelry appraised at more than $200,000. Mr.

Madison has admitted that the currency and jewelry were obtained as a result of his drug trafficking activities.

Mr. Madison also admitted that he and his co-conspirators possessed firearms in connection with the drug trafficking conspiracy. Indeed, in five separate incidents between March 2020 and February 2021, investigators recovered firearms hidden in and around the conspiracy's area of operations. Mr. Madison also discussed sales of firearms to other individuals via social media and by phone.

The Government also believes that the drug trafficking operation with which Mr. Madison was involved was connected to several acts of violence between March 2020 and February 2021 (although there is no evidence that Mr. Madison directed or was personally involved in any of these acts of violence). On March 25, 2020, two suspected customers of the drug operation were murdered approximately one block from the intersection of Queensbury and Spaulding Avenue. Less than three months later, on June 17, 2020, the suspected leader of the drug shop at the time, Joshua Carroll, was killed in close proximity to the shop's operations. Finally, on February 18, 2021, another suspected customer of the drug trafficking operation was murdered in the area of the drug shop's operations by a suspected member of the conspiracy.

The damage the drug trade has inflicted on the local community is staggering. In 2020, there were 2,518 opioid-related deaths in Maryland. Maryland Health Department, Unintentional Drug and Alcohol-Related Intoxication Deaths in Maryland, 2020 (2021), page 17. Of those deaths, 2,342 were linked to fentanyl use. *Id.* Baltimore City, the site of Mr. Madison's drug activities, suffered 920 fentanyl related deaths, the most of any jurisdiction in the state. *Id* at 18.

The link between the drug trade and violence in Baltimore City has had similar tragic results. As noted above, the area in which this drug trafficking organization operated was the scene of repeated acts of violence between March 2020 and February 2021. Baltimore City, as a whole, witnessed more than 330 murders in 2021, the seventh year in a row in which Baltimore City suffered more than 300 homicides.

Despite these extreme societal costs, Mr. Madison voluntarily chose to take part in the drug trade and, based on the proceeds recovered from his home, profit from it. Although Mr. Madison is, by no means, wholly responsible for the effects of the drug trade in Baltimore City, neither can he absolve himself of responsibility for his contribution to these larger societal problems.

With respect to his relative culpability, the Government believes that Mr. Madison is the most culpable of the four defendants. Mr. Madison has admitted that he acted as a source of supply of fentanyl to other members of the conspiracy while also personally conducting drug sales to wholesale and retail customers. The other defendants in this case, in contrast, principally acted as retail drug sellers. Of note, the largest seizure of fentanyl in this case was connected to Mr. Madison (approximately 240 gram of fentanyl which Mr. Madison provided to one of his wholesale customers) as was the largest seizure of drug proceeds (the more than $200,000 in cash and jewelry found in his home).

Given the size and scope of the drug conspiracy and Mr. Madison's role in that conspiracy, this is clearly a serious offense. As a result, a significant sanction is required to reflect the nature of the offense and to deter others from similar conduct. Moreover, a significant sentence is needed to protect the public from Mr. Madison and deter him from future criminal conduct.

Balancing these considerations, the Government notes that Mr. Madison's criminal record is limited to a single prior conviction for second degree assault and that some of his co-conspirators have more significant criminal records. In addition, as noted above, there is no evidence that Mr. Madison was personally involved in the acts of violence that took place in close proximity to the drug shop's operations.

## **Conclusion**

Therefore, in light of the nature of the offense, Mr. Madison's role in the offense and the other factors enumerated in § 3553(a), the government believes an 84-month sentence, slightly below the guideline range, is sufficient but no greater than necessary to achieve the purposes of federal sentencing.

Very truly yours,

Clinton Fuchs
Assistant United States Attorney