**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**DONTA MADISON,**<br><br>**Defendant.** | **CRIMINAL NO. JKB-21-037** |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

    The United States of America, by its attorney, Erek L. Barron, United States Attorney for the District of Maryland, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.   A proposed Preliminary Order of Forfeiture is submitted herewith.   In support thereof, the United States sets forth the following:

    1.    On July 22, 2021, a federal grand jury sitting in the District of Maryland returned a Superseding Indictment charging Donta Madison (the "Defendant") with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841 (Count One) and Distribution and Possession with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841 (Count Four).   ECF No. 29.

    2.    The Superseding Indictment also included a forfeiture allegation which provided notice that the United States intended to seek forfeiture, pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c), upon conviction of the Defendant of the offenses alleged in Counts One and Four of the Superseding Indictment.

3.    On November 5, 2021, the Defendant pled guilty to the offense alleged in Counts

One and Four of the Superseding Indictment.   ECF. No. 94.   As part of the guilty plea, the

Defendant agreed to forfeit to the United States all right, title, and interest in the following items

that the Defendant agreed constitute money, property, and/or assets derived from or obtained by

the Defendant as a result of, or used to facilitate the commission of, the Defendant's offense:

(1)    approximately $28,400.00 U.S. Currency;

(2)    one Pair of 14K White Gold Diamond Stud Earrings;

(3)    one Men's 14K White Gold Laser Engraved Color Portrait and Diamond Pendant;

(4)    one Men's l0K White Gold Laser Engraved Pave Diamond Pendant and Rope Chain;

(5)    one Gold Plated Base Metal Bracelet and Charm;

(6)    one Rose Gold Plated Bracelet;

(7)    one Gold Plated Base Metal Cluster of Chains and Various Religious Charms;

(8)    one Ladies Stainless Steel Citizen Quartz Rhinestone Bracelet Watch;

(9)    one Men's l0K White Gold Pave Diamond Cuban Link Bracelet;

(10)    one 14K White Gold Laser Engraved Pave Diamond Pendant;

(11)    one 10K White Gold "Park Heights" Pave Diamond Pendant;

(12)    one Men's 14K White Gold "AKM" Diamond Pendant;

(13)    one 14K White Gold Arabic "God is Great" Diamond Pendant;

(14)    one Costume Silver Tone Rhinestone Necklace and Cross;

(15)    one Men's 14K White Gold Diamond Ring;

(16)    one Sterling Silver Diamond Cut Bead Link Chain;

(17)    one 14K White Gold Diamond Station Link Necklace;

(18)    one Sterling Silver Rope Chain;

(19)    one Sterling Silver Rope Chain;

(20)    one 10K White Gold Solid Twisted Rope Chain;

(21)    one Stainless Steel Audemars Piguet Royal Oak OffShore Diamond Watch Links;

(collectively, the "Subject Property").

4.      Pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Subject Property.

5.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and notice that any person, other than the Defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

6.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

7.      The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property that is the subject of the

Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

8.      The United States also seeks authority to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, pursuant to Rule 32.2(b)(3) and (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

WHEREFORE, the United States requests that this Court:

(a)      enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)      include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c)      retain jurisdiction for the purpose of enforcing the forfeiture; and

(d)      incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

Erek L. Barron
United States Attorney

By:      /s/ _____
Clinton J. Fuchs
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/
Clinton J. Fuchs
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| | **CRIMINAL NO. JKB-21-037** |
| **DONTA MADISON,** | |
| **Defendant.** | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on July 22, 2021, a federal grand jury sitting in the District of Maryland returned a Superseding Indictment charging Donta Madison (the "Defendant") with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841 (Count One) and Distribution and Possession with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841 (Count Four); and

WHEREAS, the Superseding Indictment also included a forfeiture allegation which provided notice that the United States intended to seek the forfeiture, pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c), upon conviction of the Defendant of the offenses alleged in Counts One and Four of the Superseding Indictment; and

WHEREAS, on November 5, 2021, the Defendant pled guilty to the offense alleged in Count Four of the Superseding Indictment; and

WHEREAS, as part of the guilty plea, the Defendant agreed to forfeit to the United States all right, title, and interest in the following items that the Defendant agreed constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's offense:

(1)     approximately $28,400.00 U.S. Currency;

(2)     one Pair of 14K White Gold Diamond Stud Earrings;

(3)     one Men's 14K White Gold Laser Engraved Color Portrait and Diamond Pendant;

(4)     one Men's lOK White Gold Laser Engraved Pave Diamond Pendant and Rope Chain;

(5)     one Gold Plated Base Metal Bracelet and Charm;

(6)     one Rose Gold Plated Bracelet;

(7)     one Gold Plated Base Metal Cluster of Chains and Various Religious Charms;

(8)      one Ladies Stainless Steel Citizen Quartz Rhinestone Bracelet Watch;

(9)      one Men's l0K White Gold Pave Diamond Cuban Link Bracelet;

(10)    one 14K White Gold Laser Engraved Pave Diamond Pendant;

(11)    one 10K White Gold "Park Heights" Pave Diamond Pendant;

(12)    one Men's 14K White Gold "AKM" Diamond Pendant;

(13)    one 14K White Gold Arabic "God is Great" Diamond Pendant;

(14)    one Costume Silver Tone Rhinestone Necklace and Cross;

(15)    one Men's 14K White Gold Diamond Ring;

(16)    one Sterling Silver Diamond Cut Bead Link Chain;

(17)    one 14K White Gold Diamond Station Link Necklace;

(18)    one Sterling Silver Rope Chain;

(19)    one Sterling Silver Rope Chain;

(20)    one 10K White Gold Solid Twisted Rope Chain;

(21)    one Stainless Steel Audemars Piguet Royal Oak OffShore Diamond Watch Links;

(collectively, the "Subject Property"); and

2

WHEREAS, pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Subject Property;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.      The United States' Motion for a Preliminary Order of Forfeiture is GRANTED.

2.      The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Subject Property and the offense to which the Defendant pled guilty.

3.      Accordingly, all of Defendant's interests in the Subject Property are hereby forfeited to the United States for disposition pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c).

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Subject Property and maintain it in its secure custody and control.

5.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Subject Property.

7.    Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Subject Property to be forfeited.

8.    Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Subject Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court for the District of Maryland, requesting a hearing to adjudicate the validity of his or her interest in the Subject Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

9.    Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States shall have clear title to the Subject Property.

10.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

11.     Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

12.     The Court shall retain jurisdiction in this case for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

_____
Hon. James K. Bredar
Chief Judge United States District Judge

Dated: _____

5