**JONATHAN P. VAN HOVEN, P.A.**
ONE NORTH CHARLES STREET
SUITE 1215
BALTIMORE, MARYLAND 21201

———————

(410) 576-0689
FAX (410) 576-9391
email: jon@vanhovenlaw.com

April 4, 2022

The Honorable James K. Bredar
Chief United States District Judge
United States District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

    Re:    *United States v. Daniel Fleming*, JKB-21-037

Dear Chief Judge Bredar:

    I am briefly writing in advance of Mr. Fleming's April 15, 2022 sentencing hearing with regard to our position as to his final disposition on the charge of Possession with Intent to Distribute Heroin. As noted in the plea agreement, the government will be recommending no more than 72 months imprisonment in this matter. It is respectfully requested that the Court follow the government's reasonable recommendation for a variant sentence in this matter below the Advisory Sentencing Guidelines in this case.

    There are several reasons that justify a variance in this matter, including Mr. Fleming's much lesser level of culpability in this case compared to the lead defendant, his early decision to promptly accept responsibility and plead guilty, his long history of past opioid addiction that culminated in a criminal record consisting of convictions for street-level drug activity with intermittent periods of only a few months of incarceration, and the other personal characteristics set forth in Part C of the Presentence Report that will be briefly outlined below.

    Mr. Fleming appeared before the Court for his Initial Appearance on September 9, 2021. By the next day, the parties agreed to the recommended Order Setting Conditions of Release. ECF 82. He immediately began attending substance abuse treatment at Bright Horizons Behavioral Health. PSR ¶ 67. Discovery was quickly disseminated ant the parties worked diligently to resolve the matter and execute the written plea agreement within 80 days. ECF112. Mr. Fleming pled guilty to Count Two, Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841, 21 U.S.C. § 841(b)(1)(C), and the remaining conspiracy Count will be dismissed at the time of sentencing.

    The Advisory Guidelines are not in dispute. The Total Offense Level after a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1 is 29. PSR ¶¶25-7. Mr.

1

Fleming is in Criminal History Category VI. While he technically qualifies under the Advisory Guidelines as a career offender, the parties agree that the application of the ensuing guidelines for such an enhancement would be unreasonable in Mr. Fleming's case based upon all of the sentencing factors set forth in 18 U.S.C. §3553(a).

According to the government, co-defendant Madison had a much greater role in this matter as the source of supply while the others in this case, including Mr. Fleming, were merely street-level sellers. ECF 134 at 2. In Madison's case, the government sought a sentence of no more than 84 months, *Id.* at 3, which the Court agreed to at the time of Madison's sentencing. ECF 138. In order to avoid unwanted sentencing disparities between similarly –situated defendant, a lesser sentence for Mr. Fleming his clearly warranted.

As noted in paragraphs 31-40 of the PSR, Mr. Fleming has amassed convictions mostly ranging from simple possession to very low-end street-level distribution activity. Five of his criminal history points are from activity that occurred in his teenage years. PSR ¶¶ 65-68. Most of his convictions resulted in either probation or very brief periods of incarceration. His longest sentence was approximately one year after violating his probation that he had received for a theft-related charge incurred in his teenage-years. PSR ¶33.

As also noted in paragraphs 56-60 of the PSR, Mr. Fleming was raised in a crime and drug-infested neighborhood with little contact with his own out-of-state father or any other consistent and responsible adult male guidance. At age 16, his grandfather was murdered and he was overcome with the stress of looking after his mother and sisters. By age 17 he was already living on his own.

Mr. Fleming's difficult challenges from his formative years likely contributed to his very early experimentation with drugs and alcohol. While Mr. Fleming has had a documented history of substance abuse, there has always been a consistent effort on his part to seek treatment and rehabilitation. PSR ¶¶65-8. While he has had relapses, he continues to engage in community-based treatment even while this matter has been pending. *Id.*

As also noted in paragraphs 69-72 of the PSR, Mr. Fleming has also endeavored to secure and maintain gainful employment even without the benefit of a high school diploma. He held a car dealers license and even owned his own commercial cleaning business. *Id. at 70.* He additionally worked in landscaping and for a brief period of time also worked as a welder. *Id.* at 71.

As evidenced by his continuous attempts to maintain gainful employment and address his addiction disease, Mr. Fleming has clearly demonstrated a genuine effort to do better for himself and move past the hopeless cycle of arrests and incarcerations associated with his regression to peddling drugs. He knows that he can do better. He also recognizes that the time has come for him to face a more significant punishment than he ever faced in the past for this activity. The sentence contemplated by the parties, while less than the Advisory Guidelines range, will still be tantamount to five or six times greater than any sentence he ever received in the past. The sentence recommended by the parties would therefore be no greater than necessary to accomplish all sentencing goals after taking into account the many other 3553(a) factors relevant

to Mr. Fleming that are not sufficiently addressed by the Advisory Guidelines.

    During his expected incarceration in this matter, he wants to make the most of the opportunity to use this moment to make a clear break from the past. He plans to focus on obtaining better life skills to keep him on the right path, expressing a strong desire to avail himself of the opportunities that may be afforded to him in the BOP by finally obtaining his GED and seek vocational training for HVAC, carpentry and commercial truck-driving. *Id.*

    Based on all of the factors outlined above and in the PSR submitted in this matter, it is respectfully submitted that the Court sentence Mr. Fleming to no more than the sentence to be recommended by the government at the time of sentencing in this matter.

                        Very truly yours,

                              /s/

                        Jonathan P. Van Hoven

cc: All counsel of record via ECF